UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARECELY GAMEZ, et al., *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., et al.,<br><br>Defendants. | No. 2:23-cv-01464-DAD-KJN<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS CERTAIN OF PLAINTIFFS' CLAIMS AND DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS IN THE SECOND AMENDED COMPLAINT<br><br>(Doc. No. 29) |

This matter is before the court on defendant Toyota Motor Sales, U.S.A., Inc's motion to dismiss certain claims brought against it and to strike the class allegations in plaintiffs' second amended complaint ("SAC"). (Doc. No. 29.)[1] On April 16, 2024, the pending motion was taken under submission on the papers. (Doc. No. 32.) For the reasons explained below, defendant's motion to dismiss will be granted in part and denied in part, with leave to amend also being denied. Additionally, defendant's motion to strike will be denied.

---

[1] The court notes that in their complaint and first amended complaint, plaintiffs asserted claims against Toyota Motor Sales, U.S.A., Inc. and Toyota Motor North America, Inc. ("defendants"). (Doc. Nos. 1, 11.) However, plaintiffs' SAC only asserts claims against defendant Toyota Motor Sales, U.S.A, Inc. (Doc. No. 28.)

1

**BACKGROUND**

This is a putative class action arising from defendant's sale of 2021 Toyota RAV4 vehicles (the "Class Vehicles" or "Vehicles") equipped with allegedly defective panoramic glass sunroofs (the "Roofs") to plaintiffs Arecely Gamez and Jeffry Takili. (Doc. No. 28 at 2.)

In their SAC, plaintiffs allege the following in relevant part. Defendant designed, manufactured, marketed, distributed, sold, and serviced the Class Vehicles. (*Id.* at ¶ 1.) Each Class Vehicle comes with a panoramic sunroof that is larger than typical sunroofs and covers most of the Class Vehicle's top. (*Id.* at ¶¶ 2, 62.) The Roof shatters under ordinary driving conditions ("the Defect"), due to deficient materials, deficient manufacturing processes, or both, which are described in further detail in the SAC. (*Id.* at ¶¶ 5, 64–70.) Despite knowing of the Defect, defendant has continued to replace shattered Roofs with the same defective Roofs. (*Id.* at ¶ 95.) Both plaintiffs purchased Class Vehicles and experienced the Defect while driving. (*Id.* at ¶¶ 26, 32, 44, 50.) Both of plaintiffs' Class Vehicles came with defendant's "New Vehicle Limited Warranty" (the "Limited Warranty"), which covers "defects in materials or workmanship." (*Id.* at ¶¶ 28–29, 46–47.) Both plaintiffs still own and continue to use their Class Vehicles. (*Id.* at ¶¶ 43, 59.)

In their SAC, plaintiffs assert the following claims: (1) breach of implied and express warranties in violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*, on an individual basis only; (2) unjust enrichment, asserted by plaintiff Takili on behalf of the putative class members; (3) deceptive business practices in violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*, asserted by plaintiff Takili on behalf of the putative class members; (4) fraudulent, unlawful, and unfair conduct in violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.*, asserted by plaintiff Takili on behalf of the putative class members; (5) breach of implied warranty in violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly"), California Civil Code §§ 1792, 1791.1, *et seq.*, asserted by both plaintiffs on behalf of the putative class members; (6) breach of express warranty in violation of California Commercial Code § 2313, asserted by both plaintiffs on behalf of the putative class members; and

1  (7) breach of express warranty in violation of Song-Beverly, California Civil Code §§ 1793,

2  1791.2, *et seq.*, asserted by both plaintiffs on behalf of the putative class members.  (Doc. No. 28

3  at ¶¶ 141–232.)

4        On July 21, 2023, defendants removed this action from Sacramento County Superior

5  Court to this federal court.  (Doc. No. 1.)  Pursuant to a stipulation by the parties (Doc. Nos. 8, 9),

6  plaintiffs filed their first amended complaint ("FAC") on August 25, 2023 (Doc. No. 11).  The

7  court granted in part and denied in part defendants' motion to dismiss plaintiffs' FAC on

8  January 8, 2024.  (Doc. No. 25.)  Plaintiffs filed the operative SAC on January 26, 2024.  (Doc.

9  No. 28.)  Defendant filed the pending motion to dismiss and to strike on February 26, 2024.

10  (Doc. No. 29.)  Plaintiffs filed their opposition to the pending motion on March 27, 2024.  (Doc.

11  No. 30.)  Defendant filed its reply thereto on April 17, 2024.  (Doc. No. 33.)

## LEGAL STANDARD

### A.  Motion to Dismiss Under Rule 12(b)(6)

14        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

15  sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

16  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

17  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

18  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

19  relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

20  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21  the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

22  *Iqbal*, 556 U.S. 662, 678 (2009).

23        In determining whether a complaint states a claim on which relief may be granted, the

24  court accepts as true the allegations in the complaint and construes the allegations in the light

25  most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

26  the court need not assume the truth of legal conclusions cast in the form of factual allegations.

27  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not

28  require detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

**B.     Motion to Strike Under Rule 12(f)**

Federal Rule of Civil Procedure 12(f) permits a district court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).  "[S]triking the pleadings is considered 'an extreme measure,' and Rule 12(f) motions are, therefore, generally 'viewed with disfavor and infrequently granted.'"  *Fernandez v. CoreLogic Credco, LLC.*, 593 F. Supp. 3d 974, 994 (S.D. Cal. Mar. 25, 2022) (citation omitted).  Motions to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *Figueroa v. Kern County*, 506 F. Supp. 3d 1051, 1056 (E.D. Cal. 2020) (citation omitted).  A decision whether to strike certain material is committed to the sound discretion of the district court.  *Whittlestone*, 618 F.3d at 973.

/////

/////

/////

# ANALYSIS

## A. Defendant's Motion to Dismiss

### 1. Unjust Enrichment Claim

Plaintiff Takili asserts his unjust enrichment claim against defendant seeking disgorgement of profits; injunctive relief enjoining defendant's alleged misleading sales practices; and injunctive relief compelling defendant to provide safety repairs, i.e., compelling defendant to repair the Defect, to provide replacement Roofs, and/or to reform the warranty to cover the Defect. (Doc. No. 28 at ¶¶ 156–57.)

First, defendant argues that plaintiff Takili failed to sufficiently allege the lack of an adequate legal remedy for his unjust enrichment claim seeking disgorgement of profits. (Doc. No. 28 at 17–18); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that a plaintiff "must establish that she lacks an adequate remedy at law" in order to secure equitable relief); *Scheibe v. Fit Foods Distrib., Inc.*, No. 23-cv-00220-JLS-AHG, 2023 WL 7434964, at *9 (S.D. Cal. Nov. 8, 2023) (stating that the Ninth Circuit's decision in *Sonner* "unambiguously requires [plaintiffs], for each equitable claim [they] assert[], to plead the basic requisites of the issuance of equitable relief under federal law—including that [they] lack[] an adequate legal remedy—to survive a motion to dismiss") (citation omitted). Defendant points out that plaintiff Takili merely alleges in his SAC that "[m]oney damages are not an adequate remedy for the above requested *non-monetary injunctive* relief" (Doc. No. 28 at ¶ 157) (emphasis added), meaning that he has failed to even plead the lack of an adequate legal remedy for his unjust enrichment claim seeking disgorgement of profits. (Doc. No. 29 at 17–18.) Plaintiff Takili does not address this argument in his opposition, instead arguing only that his claims seeking injunctive relief compelling safety repairs should not be dismissed. (Doc. No. 30 at 5–7.) Accordingly, defendant's motion to dismiss plaintiff Takili's unjust enrichment claim seeking disgorgement of profits will be granted. *See Smallman v. MGM Resorts Int'l*, 638 F. Supp. 3d 1175, 1198 (D. Nev. Nov. 2, 2022) (dismissing the plaintiffs' unjust enrichment claim seeking disgorgement of profits because the plaintiffs failed to allege that money damages would be inadequate). Because plaintiffs failed to supplement their pleadings with any allegations on this

1    point despite this being their second amended complaint, leave to amend will be denied in this

2    regard.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "repeated failure to cure

3    deficiencies . . . [or] futility" may support denial of leave to amend).

4         Second, defendant argues that plaintiff Takili failed to establish standing to request

5    injunctive relief enjoining defendant's alleged misleading business practices because he has failed

6    to allege any intent to purchase another Class Vehicle in the future.[2]  (Doc. No. 29 at 16–17); *see*

7    *also DZ Reserve v. Meta Platforms, Inc.*, 96 F.4th 1223, 1240 (9th Cir. 2024) ("Consumer fraud

8    plaintiffs can satisfy the imminent injury requirement by showing they 'will be unable to rely on

9    the product's advertising or labeling in the future, and so will not purchase the product although

10   [they] would like to.'") (citation omitted) (alterations in original).  As noted above, plaintiffs do

11   not address this argument in their opposition and instead argue only that their claims seeking

12   injunctive relief compelling safety repairs should not be dismissed.  (Doc. No. 30 at 5–7.)

13   Accordingly, defendant's motion to dismiss plaintiff Takili's unjust enrichment claim seeking

14   injunctive relief enjoining defendant's misleading business practices will also be granted.

15   Moreover, the court notes that at the December 5, 2023 hearing on defendants' previous motion

16   to dismiss plaintiffs' FAC, counsel for plaintiffs conceded that plaintiffs lacked standing to

17   pursue such relief and were instead only seeking injunctive relief compelling safety repairs.  In

18   light of counsel's prior representations and plaintiffs' continued failure to establish standing to

19   pursue injunctive relief enjoining defendant's alleged misleading business practices in their

20   second amended complaint, leave to amend will be denied in this regard as well.

21        Third, defendant argues that plaintiff Takili failed to sufficiently allege the lack of an

22   adequate legal remedy for his unjust enrichment claim seeking injunctive relief compelling safety

23   repairs.  (Doc. No. 29 at 14–16.)  The court rejected this argument in its Prior Order (*see* Doc.

24   No. 25 at 31–32), and defendant provides no basis in its pending motion for the court to revise its

25   conclusions in this regard.  Accordingly, defendant's motion to dismiss plaintiff Takili's unjust

---

[2] The court construes the pending motion to assert this standing argument against each of plaintiff Takili's unjust enrichment, UCL, and CLRA claims.  (*See* Doc. No. 29 at 16) (arguing in a paragraph addressing all three claims that plaintiff Takili "lacks standing to seek equitable relief for future harm").

enrichment claim seeking injunctive relief compelling safety repairs will be denied.  (*See id.*); *see also Plotts v. Am. Honda Motor Co., Inc.*, No. 22-cv-04529-CJC-AS, 2023 WL 4843342, at *12 (C.D. Cal. June 9, 2023) (finding that the plaintiffs had alleged the lack of an adequate legal remedy since damages are retrospective and because "the injunction that Plaintiffs seek—to offer, under warranty, remediation solutions that [Honda] identifies and to provide Plaintiffs and class members with adequate repairs or with replacement components that do not contain the defects alleged herein—would redress the future harm that Plaintiffs face from the defect").

### 2. UCL Claim

Plaintiff Takili asserts his UCL claim against defendant seeking the same remedies that he seeks for his unjust enrichment claim, namely disgorgement of profits, an injunction enjoining defendant's alleged misleading business practices, and an injunction compelling safety repairs.  (Doc. No. 28 at ¶¶ 198–99.)  Defendant argues that to the extent the claim seeks all of this equitable relief it must be dismissed for the same reasons discussed above.  (Doc. No. 29 at 14–18.)

The court's analysis in this regard mirrors the analysis of the unjust enrichment claim discussed above.  Accordingly, defendant's motion to dismiss plaintiff Takili's UCL claim seeking disgorgement of profits and an injunction enjoining defendant's alleged misleading business practices will be granted.  Leave to amend will also be denied for the reasons discussed above.  Defendant's motion to dismiss plaintiff Takili's UCL claim seeking injunctive relief compelling safety repairs will be denied.  (*See* Doc. No. 25 at 31–32); *see also Plotts*, 2023 WL 4843342, at *12.

### 3. CLRA Claim

Plaintiff Takili asserts his CLRA claim against defendant seeking injunctive relief enjoining defendant's alleged misleading business practices and compelling safety repairs.  (Doc. No. 28 at ¶ 175.)  Defendant argues that to the extent this claim seeks all of this equitable relief, it must be dismissed for the same reasons discussed above.  (Doc. No. 29 at 14–18.)  The court's analysis in this regard mirrors in relevant part the analysis of the unjust enrichment claim discussed above.  Accordingly, defendant's motion to dismiss plaintiff Takili's CLRA claim

7

seeking an injunction enjoining defendant's alleged misleading business practices will be granted. Leave to amend will also be denied for the reasons discussed above. Defendant's motion to dismiss plaintiff Takili's CLRA claim seeking injunctive relief compelling safety repairs will be denied. (*See* Doc. No. 25 at 31–32); *see also Plotts*, 2023 WL 4843342, at *12.

Plaintiff Takili also seeks punitive damages under the CLRA. (Doc. No. 28 at ¶ 176.) Defendant argues that plaintiff Takili failed to allege that any of defendant's officers, directors, or managing agents committed an act of oppression, fraud, or malice. (Doc. No. 29 at 10–11); *see also* Cal. Civ. Code § 3294(b) ("With respect to a corporate employer, the . . . act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.") In their opposition, plaintiffs do not point to any allegations in the SAC regarding fraudulent acts by defendant's officers, nor does the court discern any. Instead, plaintiffs argue that defendant's Rule 12(b)(6) motion to dismiss is not a proper vehicle to challenge plaintiffs' request for punitive damages. (Doc. No. 30 at 7.) However, as defendant points out in the pending motion, "[t]he Ninth Circuit 'has affirmed dismissals of claims for punitive damages . . . where unsupported by factual allegations.'" (Doc. No. 29 at 18) (quoting *Arek v. Am. Airlines*, No. 22-cv-01439-FWS-ADS, 2023 WL 4680805, at *3 (C.D. Cal. June 2, 2023)); *see also McCalip v. TED Conferences, LLC*, 690 F. App'x 944, 945 (9th Cir. 2017) ("The district court properly dismissed McCalip's Cal. Civ. Code § 3294 claim because McCalip did not allege facts demonstrating malice, oppression, or fraud.").[3] Accordingly, defendant's motion to dismiss plaintiff's CLRA claim seeking punitive damages will be granted. *See Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020) ("[P]laintiff has failed to identify any officer, director, or managing agent who committed an act of oppression, fraud, or malice in the allegations of her complaint and therefore cannot seek punitive damages . . . ."). At the December 5, 2023 hearing on the previous motion to dismiss plaintiffs' FAC, plaintiffs' counsel stated that plaintiffs could supplement their pleadings with additional allegations regarding fraudulent acts by defendant's officers. In light of plaintiffs' failure to do so despite this being

---

[3] Citation to unpublished Ninth Circuit opinions such as this and elsewhere in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

their second amended complaint, the court concludes that the granting of further leave to amend would be futile and leave to amend will therefore be denied.

**B.      Defendant's Motion to Strike Plaintiffs' Class Allegations**

"Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 159 (1982). "Motions to strike class allegations are generally disfavored, particularly where the arguments against the class claims would benefit from discovery or would otherwise be more appropriate in a motion for class certification." *Ruegsegger v. Caliber Home Loans, Inc.*, No. 17-cv-00907-DOC-KES, 2019 WL 8163640, at *6 (C.D. Cal. Jan. 8, 2019) (collecting cases). Indeed, "[c]ourts in this circuit repeatedly have denied motions to strike class allegations prior to discovery as premature." *Mattson v. New Penn Fin., LLC*, No. 18-cv-00990-YY, 2018 WL 6735088, at *3 (D. Or. Nov. 6, 2018) (collecting cases), *report and recommendation adopted*, 2019 WL 123870 (D. Or. Jan. 4, 2019). Nevertheless, "courts in this Circuit have struck class allegations where it is clear from the pleadings that a class could not be certified." *Ruegsegger*, 2019 WL 8163640, at *6; *cf. Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.").

District courts in this circuit often hold "that a motion to strike class claims based only on the pleadings is proper only if the court is 'convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.'" *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 976 (N.D. Cal. 2019) (citation omitted) (collecting cases). "Generally, '[a]lthough it is not *per se* improper for a defendant to move to strike class allegations before the motion for class certification, most courts decline to grant such motions because the shape and form of a class action evolves only through the process of discovery."

9

*Fernandez*, 593 F. Supp. 3d at 995 (citation omitted); *cf. Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, we have stated that '[t]he propriety of a class action cannot be determined in some cases without discovery,' and that 'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable.'") (citation and internal citation omitted).

Defendant argues that plaintiffs' proposed class definition[4] is overly broad for two reasons. (Doc. No. 29 at 20–23.) First, defendant argues, because the class definition would include individuals who bought or leased their Class Vehicles before defendant had knowledge of the Defect, thereby precluding any fraud-based claims asserted by these putative class members. (*Id.* at 20–21.) And second, because the class definition would require individualized inquiries into whether each class member could bring implied or express warranty claims. (*Id.* at 22–23.) In their opposition, plaintiffs argue that defendant does not contend in the pending motion that the questions of law are undisputed and that under no set of circumstances could plaintiffs prevail on their claims. (Doc. No. 30 at 8.) Further, plaintiffs argue that defendant's motion to strike should be denied because the class definition can be modified if necessary before certification. (*Id.* at 8–9.) Finally, plaintiffs argue that the need for individualized determinations cannot be known until plaintiffs have conducted discovery. (*Id.* at 9.) Defendant argues in reply that indeed plaintiffs' claims cannot succeed under any set of circumstances and that "no amount of discovery will change the inevitable: Plaintiffs' claims . . . depend on individualized facts." (Doc. No. 33 at 8–9.)

The court concludes that this is not a case where there are "no set of circumstances" under which plaintiffs' claims might succeed, *see Parducci*, 399 F. Supp. 3d at 976; that it is not "clear from the pleadings that a class could not be certified," *see Ruegsegger*, 2019 WL 8163640, at *6;

---

[4] Plaintiffs' propose a class composed of all people "who purchased or leased any 2021 Toyota RAV4 vehicle equipped with an optional panoramic glass roof in the State of California (the 'California Class')." (Doc. No. 28 at ¶ 133.)

10

1    that arguments against the class claims would benefit from discovery, *see id.*; and that "discovery
2    is likely to produce substantiation of the class allegations," *see Mantolete*, 767 F.2d at 1424.
3    Rather, discovery could shed light on several issues impacting the need for individualized
4    determinations, including the timing of defendant's alleged pre-sale knowledge, whether the
5    Defect is a design defect common to all Class Vehicles, and how frequently the alleged Defect
6    manifests itself. *See Kas v. Mercedes-Benz USA, LLC*, No. 11-cv-01032-VBF-PJW, 2011 WL
7    13238744, at *4 (C.D. Cal. Aug. 23, 2011) (denying the defendant's motion to strike the
8    plaintiff's class allegations regarding the plaintiff's UCL, CLRA, and warranty claims); *cf.*
9    *Wisdom v. Easton Diamond Sports, LLC*, 824 F. App'x 537, 538 (9th Cir. 2020) ("The district
10   court struck Wisdom's class allegations on the pleadings, on the grounds that common questions
11   did not exist, or did not predominate over questions affecting individual class members. This
12   determination was premature, and thus an abuse of discretion.")

13        The court is not convinced that plaintiffs' proposed class definition is so defective as to
14   require the drastic remedy of striking the class allegations. *See Roberts v. Wyndham Intern., Inc.*,
15   No. 12-cv-05180-PSG, 2012 WL 6001459, at *7 (N.D. Cal. Nov. 30, 2012) ("Defendants argue
16   extensively about . . . whether the class is overbroad as currently defined . . . . Defendants make
17   several assertions about how unlikely it is that Plaintiffs will be able to pass muster in defining
18   the class and showing that common questions dominate the individual fact determinations that
19   may be required. . . . Class discovery may serve to refine the class and the allegations and to aid
20   the court in determining whether class certification is appropriate."); *Smith v. loanDepot.com,*
21   *LLC*, No. 22-cv-01674-GMS, 2023 WL 8183173, at *3 (D. Ariz. Nov. 27, 2023) ("Defendant
22   asserts that the class is overly broad and lacks commonality. The court will not address the
23   appropriateness of the class definitions now. 'Comprehensive briefing of the issues surrounding
24   the proposed class are not before the court and it is premature to address the appropriateness of its
25   scope.'") (citation and internal citation omitted). This is particularly true in light of plaintiffs'
26   ability to modify the class definition at a later stage in the proceedings. *See Webb v. Circle K*
27   *Stores Inc.*, No. 22-cv-00716-ROS, 2022 WL 16649821, at *3 (D. Ariz. Nov. 3, 2022) ("Circle K
28   /////

1  does not explain why this possibility that, at certification, a slightly more definite class definition
2  will be needed establishes all class allegations should be stricken at the pleading stage.").

3      Defendant argues that plaintiffs will be unable to propose a modified class definition that
4  does not collapse into a prohibited "fail-safe" class. (Doc. No. 33 at 9) (quoting *Olean Wholesale*
5  *Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) ("A court
6  may not, however, create a 'fail safe' class that is defined to include only those individuals who
7  were injured by the allegedly unlawful conduct.")). However, defendant does not explain why
8  every redefinition would necessarily result in a fail-safe class, nor why a motion to strike is the
9  proper procedural vehicle by which to advance such an argument. *See Tinnin v. Sutter Valley*
10 *Med. Found.*, 647 F. Supp. 3d 864, 874–875 (E.D. Cal. 2022) (denying the defendant's motion to
11 strike plaintiff's class definition as fail-safe despite "understand[ing] defendant's concern in this
12 regard" because "the procedural mechanism of a motion to strike is not the appropriate means for
13 addressing a fail-safe problem") (collecting cases).

14     Accordingly, defendant's motion to strike plaintiffs' class allegations will be denied.

## CONCLUSION

16 For the reasons explained above,

17 1. Defendant's motion to dismiss (Doc. No. 29) is granted in part and denied in part
18     as follows:
19     a. Plaintiff Takili's unjust enrichment claim and Unfair Competition Law
20         claim seeking restitution, disgorgement of profits, and injunctive relief
21         enjoining defendant's alleged misleading business practices are dismissed,
22         without further leave to amend;
23     b. Plaintiff Takili's California Consumers Legal Remedies Act claim seeking
24         injunctive relief compelling defendant to disclose the existence of the
25         alleged Defect and to cease selling Class Vehicles until the alleged Defect
26         is remedied is dismissed, without further leave to amend;
27     c. Plaintiff Takili's California Consumers Legal Remedies Act claim seeking
28         punitive damages is dismissed, without further leave to amend;

      d.      Defendant's motion to dismiss plaintiff Takili's unjust enrichment claim and Unfair Competition Law claim seeking injunctive relief compelling defendant to repair the alleged Defect, provide replacement Roofs, and/or reform the Limited Warranty to cover the alleged Defect is denied;

      e.      Defendant's motion to dismiss plaintiff Takili's California Consumers Legal Remedies Act claim seeking injunctive relief compelling defendant to repair the alleged Defect is denied;

2. Defendant's motion to strike plaintiffs' class allegations (Doc. No. 29) is denied;

3. Defendant shall file an answer to the remaining claims in plaintiffs' second amended complaint no later than twenty-one (21) days after the date of entry of this order.

IT IS SO ORDERED.

Dated:   **May 3, 2024**

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

13