UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARECELY GAMEZ, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.,<br><br>    Defendant. | Case No. 2:23-cv-01464-DAD-CSK<br><br>ORDER GRANTING MODIFIED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 39) |

  The Court has reviewed the parties' stipulated protective order below (ECF No. 39), and finds it comports with the relevant authorities and the Court's Local Rule. *See* L.R. 141.1. The Court APPROVES the protective order, subject to the following clarification.

  The Court's Local Rules indicate that once an action is closed, it "will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f); *see Bylin Heating Sys., Inc. v. Thermal Techs., Inc.*, 2012 WL 13237584, at *2 (E.D. Cal. Oct. 29, 2012) (noting that courts in the district generally do not retain jurisdiction for disputes concerning protective orders after closure of the case). Thus, the Court will not retain jurisdiction over this protective order once the case is closed.

Dated:  May 19, 2025

4, game1464.23

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] STIPULATED PROTECTIVE ORDER

**GREENBERG TRAURIG, LLP**
ROBERT J. HERRINGTON (SBN 234417)
JENNIFER C. COOPER (SBN 324804)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone:    310-586-6575
Facsimile:    310-586-7800
Email:        Robert.Herrington@gtlaw.com
              Jennifer.Cooper@gtlaw.com

CHRISTOPHER S. DODRILL (admitted *pro hac vice*)
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone:    214-665-3681
Facsimile:    214-665-3601
Email:        Christopher.Dodrill@gtlaw.com

*Attorneys for Defendant*
TOYOTA MOTOR SALES, U.S.A., INC.

[Counsel for Plaintiffs on Signature Page]

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| ARECELY GAMEZ and JEFFRY TAKILI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a Texas corporation,<br><br>Defendant. | CASE NO. 2:23-cv-01464-DAD-CSK<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Judge: Hon. Chi Soo Kim |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, Plaintiffs Arecely Gamez and Jeffry Takili ("Plaintiffs") and Defendant Toyota Motor Sales, U.S.A, Inc. ("TMS") (together with Plaintiffs, the "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order (hereinafter "Protective Order" or "Order").

1.    **INTRODUCTION**

1.1    <u>Purposes and Limitations</u>. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.2    <u>Good Cause Statement</u>. This action is likely to involve trade secrets, valuable research, design, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, design, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, common law, or any foreign privacy laws. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for

such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3    <u>Acknowledgment of Procedure for Filing Under Seal</u>. The parties further acknowledge, as set forth below in Section 12.3, that this Stipulated Protective Order does not entitle them to file confidential information under seal. *See* Hon. Dale A. Drozd Standing Order in Civil Actions, https://www.caed.uscourts.gov/caednew/assets/File/DAD_Civil_Standing_Order_SAC08292022.pdf. United States District Court Eastern District of California Local Rules 140 and 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. *See, e.g.*, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, which does not include discovery or class certification motions, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported

by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**2.** <u>**DEFINITIONS**</u>

2.1     <u>Action</u>: the above captioned case.

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>"CONFIDENTIAL" Material</u>: For purposes of this Order, information  (regardless of how it is generated, stored or maintained) or tangible things considered to be "CONFIDENTIAL" Material include any information that a Party believes in good faith to be confidential or sensitive non-public information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(l)(G).

2.4     <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5     <u>Court</u>: Any federal Court having jurisdiction over any aspect of the within Action, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury.

2.6     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    <u>Final Disposition</u>: the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.10   <u>"HIGHLY CONFIDENTIAL" Material</u>: For purposes of this Order, information (regardless of how it is generated, stored or maintained) or tangible things considered to be "HIGHLY CONFIDENTIAL" Materials includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets, proprietary, or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. "HIGHLY CONFIDENTIAL" shall also include materials containing "Personally Identifiable Information."

2.11   <u>In-House Counsel</u>: attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13   <u>Outside Counsel of Record</u>: counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the

personnel of such counsel who may be assisting counsel of record for the parties in the conduct of the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys.

2.14 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15 <u>Personally Identifiable Information</u>: any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include, but are not limited to, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); the Health Insurance Portability and Accountability Act, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); the General Data Protection Regulation (GDPR): Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data, and repealing Directive 95/46/EC (General Data Protection Regulation), OJ 2016 L 119/1; Personal Information Protection and Electronic Documents Act (PIPEDA), S.C. 2000, c. 5 (Canada personal information); the Federal Law on Protection of Personal Data held by Private Parties (published July 5, 2010) (Mexico personal information); and Act on the Protection of Personal Information (Japan personal information); Japan's Protection of Personal Information Act (2023); and the California Privacy Rights Act and the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.*, Cal. Code Regs. tit. 11, §§ 999.300 *et seq.*, Any party may redact Personally Identifiable Information that it claims, in good faith, requires protections under the terms of this Order. Personally Identifiable Information, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party in this Litigation. Personally Identifiable Information of an individual named as a party shall otherwise receive the same

protections and treatment afforded to other Protected Material under this Protective Order.

2.16    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.17    <u>Professional Vendors</u>: persons or entities, and their employees and subcontractors, that provide litigation-support services, including outside copying services, court reporters, stenographers, videotaping services, translating services, services to prepare exhibits or demonstrations, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, that are retained by a Party or its counsel.

2.18    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or which contains Personally Identifiable Information.

2.19    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

This Protective Order shall govern for pre-trial purposes the handling of all Disclosure or Discovery Material, including documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party in connection with the Action. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material that might reveal Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (4) any notes, lists, memoranda, indices, compilations, data analyses, or other information prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material with such specificity that the Protected Material can be identified shall be accorded the same status of confidentiality as the underlying Protected Material from which they

are made, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**4.    TRIAL AND DURATION**

The terms of this Stipulated Protective Order apply through Final Disposition of the Action. Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" or maintained pursuant to this Stipulated Protective Order and used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180–81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention

that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) to include:

a.    <u>TIFF Documents</u>. In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to all pages in each document containing any "CONFIDENTIAL" Material or "HIGHLY CONFIDENTIAL" Material, respectively.

b.    <u>Native Documents</u>. With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the highest level of confidentiality designation in the filename.

c.    <u>Non-Written Materials</u>. Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and

stamp each page of such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" consistent with the original designation by the Producing Party.

With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record at the deposition, or by serving such designations within 30 days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL" for 30 days following receipt of the transcript.

For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

5.4    <u>Disclosure of Protected Material</u>. The failure to designate Protected Material does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the disclosure, with the effect that such Protected Material will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Protected Material produced to it, and copies made by others who obtained such Protected Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Protected Material has been marked with the appropriate confidentiality legend by the Producing Party.

5.5    <u>Materials Prepared Based Upon Protected Material</u>. Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material with such specificity that the Protected Material can

be identified shall be accorded the same status of confidentiality as the underlying Protected Material from which they are made, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality within 60 days of the Producing Party indicating that its production of documents pursuant to the document request in which the pertinent document was produced, is completed .

6.2    Challenge. A Party challenging the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall give written notice to the Designating Party. The Receiving Party must make de-designation requests in good faith. Mass, indiscriminate, or routinized requests for de-designation are prohibited. No Party is obliged to challenge the disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

6.3    Meet and Confer. Upon receipt of the written objection, counsel for the Designating Party shall, within ten (10) business days, provide a written response to the objecting Party explaining the basis and supporting authority for the designation. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. As part of that process, the Designating Party must assess whether designation of a portion of the material as "Confidential" is a viable alternative to designation of the entire document.

6.4    Discovery Motion. If no agreement is reached, the Producing Party shall have thirty (30) days from the date the challenge was made to commence the pre-motion conference outlined in the Magistrate Judge Chi Soo Kim's Civil Standing Orders ("Magistrate Judge Kim's Standing Order"), https://www.caed.uscourts.gov/caednew/assets/File/CSK_Civil_StdOrder_Eff_2025_04-28.pdf.    If authorized to do so following a pre-motion conference, the Producing Party shall file and serve a motion pursuant to United States District Court Eastern District of California Local Rule 251 seeking an order prohibiting disclosure of the disputed material other than as permitted by this Protective Order. If the Producing Party does not initiate the pre-discovery motion conference process required in Magistrate

Judge Kim's Standing Order within thirty (30) days of a challenge, the subject "CONFIDENTIAL" Material or "HIGHLY CONFIDENTIAL" Material designation is effectively withdrawn.

6.5    <u>Status of Challenged Designation Pending Judicial Determination</u>. Any document or testimony as to which such a motion challenge is made shall continue to be treated as confidential until the Court renders a decision or the motion is otherwise resolved. In the event the Court rules that the challenged material is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Designating Party shall reproduce copies of all materials so designated without the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" label at the Designating Party's expense within ten business days.

6.6    <u>Frivolous Challenges or Challenges Made for an Improper Purpose</u>. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of section 13 below.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

a.  the Parties;

b.  to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

c.  to the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

d.  to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e.  to the court and its personnel;

f.  to court reporters and their staff;

g.  to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

h.  to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

i.  during their depositions, to witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

j.  to any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     <u>Persons Authorized to Receive "HIGHLY CONFIDENTIAL" Material</u>.  Except as specifically provided for in this or subsequent Court orders, "HIGHLY CONFIDENTIAL" Materials or their contents may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the persons identified and conditions set forth in Paragraphs 7.2 (a)-(g) and (i); and (2) who has signed executing Exhibit A as described in herein. Notwithstanding,

the foregoing counsel may disclose "HIGHLY CONFIDENTIAL" Material while on the record in a deposition taken in this Action to a witness provided; (i) counsel in good faith believes the witness has knowledge of the matters contained in the "HIGHLY CONFIDENTIAL" Material (but only as to the subject matter to which the witness is reasonably believed to have knowledge; and (ii) counsel in good faith deems it necessary for the prosecution or defense of this Action to show the "HIGHLY CONFIDENTIAL" Material or information to the witness. The witness shall sign the Exhibit A as described in herein before the material is disclosed. If a dispute arises regarding whether it is necessary for the prosecution or defense of the Action to show "HIGHLY CONFIDENTIAL" Material to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the "HIGHLY CONFIDENTIAL" Material shall not be disclosed to the witness until such time that the Court can resolve the dispute.

       7.4   <u>Security of Protected Material</u>. Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

      a.  Protected Material in electronic format shall be maintained in a Secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Protected Material under this Order;

      b.  An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;

      c.  Any Protected Material downloaded from the litigation support site(s) in electronic format shall be stored only on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Protected Material under this Order. If the user is unable to password protect

and/or encrypt the device, then the Protected Material shall be password protected and/or encrypted at the file level.

d. Protected Material in paper format is to be maintained in a secure location with access limited to persons entitled to access Protected Material under this Order; and

e. Summaries of Protected Material, including any lists, memorandum, indices or compilations prepared or based on an examination of Protected Material, that quote from or paraphrase Protected Material in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Protected Material. If the recipient of Protected Material is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Protected Material has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

f. Absent notice and permission by the producing Party, the Receiving Party shall not use any application, software, or analytical solution that will transmit, transfer or allow access to any person, entity or organization not authorized to have access to Protected Material under the terms of this Order.

g. Absent notice to and permission from the producing Party, any person or entity authorized to have access to Protected Material under the terms of this Order shall not use or employ any application, service, or analytical software that will transfer, transmit, send or allow any external access to Protected Material (in whole or in part) unless such application, service or analytical software is containerized (i.e., does not transmit any Protected Material, including parts or summaries thereof) to any external system or network for the purpose of analysis, use or the generation of text outputs in response to queries, has the ability to track all information in the system (including access), and does not otherwise allow access to information by unauthorized persons. For the avoidance of doubt, this restriction expressly

applies to the use of public advanced large language models, "generative" AI tools, and other advanced AI systems, including but not limited to public versions of OpenAI GPT, ChatGPT3/4 *et seq.*, Google Gemini, Meta LLAMA, MidJourney, DALL-E, and Stable Diffusion.

**8.    EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS**

Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Protected Material from any deposition where testimony regarding Protected Material or the use of Protected Material is likely to arise.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must:

    a.  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b.  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    c.  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its "CONFIDENTIAL" Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.**     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1     <u>Application</u>. The terms of this Stipulated Protective Order are pplicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10.2     <u>Notification</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

      a.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      b.   make the information requested available for inspection by the Non-Party, if requested.

10.3     <u>Conditions of Production</u>. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise (including breach of the security provisions set forth above), it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**12.    <u>MISCELLANEOUS</u>**

12.1    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with United States District Court Eastern District of California Local Rule 141.1(e). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.    <u>FINAL DISPOSITION</u>**

After the Final Disposition of this Action, as defined in paragraph 2.8, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even

[PROPOSED] STIPULATED PROTECTIVE ORDER

if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

### 14.    PROTECTIVE ORDER REMAINS IN FORCE

This Protective Order shall remain in force and effect until modified, superseded, or terminated. Unless otherwise ordered or agreed upon by the Parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

### 15.    VIOLATION

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 14, 2025                    Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By:    */s/ Christopher S. Dodrill*
        Robert J. Herrington
        Christopher S. Dodrill (admitted *pro hac vice*)
        Jennifer C. Cooper
        Attorneys for Defendant
        Toyota Motor Sales, U.S.A., Inc.

Dated: May 14, 2025

**LEMBERG LAW, LLC**

By:    */s/ Joshua Markovits*
        Trinette G. Kent
        Joshua Markovits
        Attorney for Plaintiffs

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____    _____
                                Hon. Chi Soo Kim
                                United States Magistrate Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of
_____ [*print or type full address*], have read and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Eastern District of California on _____ [*insert date*] in the case of *Arecely Gamez, et al., v. Toyota Motor Sales, U.S.A, Inc.*, No. 2:23-cv-01464-DAD-CSK (E.D. Cal.). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of this Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _____, [*print or type full name*], of _____ [*print or type full address and telephone number*] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Signed this ____ day of _____, 20___, at _____ [*insert city and state where sworn and signed*].


Signature:_____

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER